UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA WU, | No. 2:25-cv-00779-TLN-CKD (PS) |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO UNIFIED SCHOOL DISTRICT, et al., | |
| Defendants. | |

Plaintiff Rebecca Wu initiated this action on March 10, 2025, with a pro se complaint and a motion to proceed in forma pauperis. (ECF Nos. 1, 2.) Because plaintiff proceeds pro se, this matter is referred to the undersigned by Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

Plaintiff's application in support of the request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915. The motion to proceed in forma pauperis (ECF No. 2) is granted.

## I.       Screening Requirement

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

1  (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings.

2  See <u>Eldridge v. Block</u>, 832 F.2d 1132, 1137 (9th Cir. 1987).

3       A complaint must contain "a short and plain statement of the claim showing that the

4  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

5  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

6  conclusory statements, do not suffice[.]" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell</u>

7  <u>Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). While factual allegations are accepted as

8  true, legal conclusions are not. <u>Iqbal</u>, 556 U.S. at 678. Courts "are not required to indulge

9  unwarranted inferences[.]" <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009)

10  (internal quotation marks and citation omitted).

11       Pro se litigants are entitled to have their pleadings liberally construed and to have any

12  doubt resolved in their favor, <u>Eldridge</u>, 832 F.2d at 1137, but a plaintiff's claims must be facially

13  plausible to survive screening. Facial plausibility for a claim requires sufficient factual detail to

14  allow the court to reasonably infer that a named defendant is liable for the misconduct alleged.

15  <u>Iqbal</u>, 556 U.S. at 678.

16  **II.**    **Allegations in the Complaint**

17       Plaintiff brings claims against the Sacramento City Unified School District; David Van

18  Natten, the Director of Human Resources in his official and individual capacities; Superintendent

19  Jorge Aguilar; the following "board members" in their official and individual capacitates: Darell

20  Woo, Leticia Garcia, Lisa Murawski, Chinua Rhodes; the Sacramento City Teachers Association;

21  and David Fisher. (ECF No. 1 at 5.) Plaintiff avers that her complaint is authorized by 42 U.S.C.

22  § 1983 and alleges that it invokes a "federal question." (<u>Id.</u> at 4.) Plaintiff's allegations are

23  somewhat hard to follow but her claims seem to center around her allegations that she was

24  wrongfully transferred from her position as a teacher from an independent study school within the

25  Sacramento City Unified School District to allow more senior teachers to transfer to the school.

26  (<u>See id.</u> at 6.) It also appears that plaintiff is alleging she informed the school district and the

27  board about issues related to the "civil rights of students" to have a teacher and "not sit at home"

28  during the COVID-19 pandemic, and that she was transferred for bringing up these issues. (<u>See</u>

id.) She also alleges that she was injured, and that her insurance refused to pay her emergency room bill, so she filed a risk management complaint. (Id. at 7.) Plaintiff alleges that she was put on leave a "few hours later." (Id.) Plaintiff states that she complained to the union and asked for an attorney, but the attorney for the California Teacher's Association told plaintiff that in order to be represented, she had to drop another case she had in the Court of Appeal because there was a conflict of interest. (Id.) Plaintiff has indicated that she has another case in the Superior Court. (Id. at 5.) Plaintiff also alleges that she was asked to quit because she was not vaccinated in 2022. (Id. at 11.) Plaintiff further alleges that the Sacramento City Unified School District and the Sacramento City Teachers Association were in "cahoots" and lying to the press about a teacher shortage. (Id. at 9.)

Plaintiff brings claims for violation of the First Amendment; Fourteenth Amendment; and various provisions of the California Education Code. (Id. at 14-19, 21.)

**III.    Discussion**

**A. Federal Rule of Civil Procedure 8**

The complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Plaintiff's complaint is difficult to follow. It names multiple defendants but does not specifically address each one or identify specific allegations associated with each defendant. Plaintiff states that she is bringing claims under the First and Fourteenth Amendments, and lists the "right to association of the union," "not allowed to speak out and or attempted to silence be," "whistleblower termination and interference and or conspiring to do so together," "due process," and multiple California Education Code statutes. (ECF No. 1 at 14, 21.) The Court interprets plaintiff's complaint as attempting to allege a retaliation claim under the First Amendment and a substantive due process claim under the Fourteenth Amendment.

It appears that plaintiff is alleging that she was wrongfully transferred from her position as a teacher, but the details provided to support this are insufficient and unclear. Plaintiff states that

she informed the district and board about "issues" before she was "moved." (Id. at 6.) She states

that she was put on leave after filing a risk management complaint. (Id. at 7.) Plaintiff also alleges

that the "union continues to fail to help." (Id.) To the extent she is alleging that she was

wrongfully transferred or put on leave because she made complaints to a governing body,

plaintiff's allegations are unclear, conclusory, and insufficient. Plaintiff does not provide

sufficient facts to show that she was wrongfully transferred. Conclusory allegations like these do

not give fair notice of the claims. See Iqbal, 556 U.S. at 678. Although the Federal Rules adopt a

flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the

elements of a claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646,

649 (9th Cir. 1984).

Having performed the screening required by 28 U.S.C. § 1915, the Court finds plaintiff

fails to state a claim under the First or Fourteenth Amendments. Plaintiff will have an opportunity

to amend. Below, the Court sets forth legal standards governing plaintiff's claims for any

amended complaint plaintiff may file. Because plaintiff has not stated a federal claim, the Court

will not at this time exercise supplemental jurisdiction over plaintiff's potential state law claims.

See 28 U.S.C. § 1367(c)(3). If plaintiff states a federal claim, the Court will screen the state law

claims.

### B. 42 U.S.C. § 1983 Claims

To state a claim under § 1983, a plaintiff is required to show that (1) each defendant acted

under color of state law, and (2) each defendant deprived her of rights secured by the Constitution

or laws of the United States. Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir. 1997).

### 1. First Amendment Retaliation

The First Amendment protects public employees from employment retaliation for their

protected speech activities. Karl v. City of Mountlake Terrace, 678 F.3d 1062, 1068 (9th Cir.

2012). Plaintiff must show that she was engaged in protected speech activities by showing that

she (1) spoke on a matter of public concern; (2) spoke as a private citizen and not within the

scope of her official duties as a public employee; and plaintiff must also show that she

(3) suffered an adverse employment action, for which plaintiff's protected speech was a

1    substantial or motivating factor. Id.

2    ### 2. Fourteenth Amendment Due Process

3    Under the Due Process Clause of the Fourteenth Amendment, "No State shall . . . deprive

4    any person of life, liberty, or property, without due process of law." U.S. Const., Amend. XIV

5    § 1. To state a claim for procedural due process, the plaintiff must show: "(1) a liberty or property

6    interest protected by the Constitution; (2) a deprivation of the interest by the government, and

7    (3) lack of process." Portman v. Cnty. of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993).

8    ### 3. Eleventh Amendment Immunity

9    Plaintiff  brings her claims against the Sacramento County Unified School District under

10   42 U.S.C. § 1983. Claims against the Sacramento County Unified School District may be barred

11   by the Eleventh Amendment. See Belanger v. Madera Unified Sch. Dist., 963 F.2d 248, 251 (9th

12   Cir.1992) (holding California school districts are state agencies for purposes of the Eleventh

13   Amendment); Pierce v. Santa Maria Joint Union High School Dist., 612 F. App'x 897, 989 (9th

14   Cir. 2015) (holding school was immune from suit under 42 U.S.C. § 1983 because it was a state

15   agency); Laird v. United Teachers Los Angeles, 615 F. Supp. 3d 1171, 1181 (C.D. Cal. 2022),

16   aff'd, No. 22-55780, 2023 WL 6970171 (9th Cir. Oct. 23, 2023).

17   ## IV.    Conclusion and Order

18   The complaint must be dismissed, but plaintiff is granted leave to file an amended

19   complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely

20   clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the

21   complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). An

22   amended complaint should be titled "First Amended Complaint." Local Rule 220 requires that an

23   amended complaint be complete by itself without reference to any prior pleading.

24   For the reasons set forth above, IT IS ORDERED as follows:

25   1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

26   2.  Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend; and

27   3.  Plaintiff is granted thirty days from the date of service of this order to file an amended

28   complaint that complies with the requirements of the Federal Rules of Civil Procedure

and the Local Rules of Practice; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  June 16, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, wu.0779.25

6