UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REBECCA WU,

     Plaintiff,

    v.

SACRAMENTO UNIFIED SCHOOL DISTRICT, et al.,

     Defendant.

No.  2:25-cv-00779-TLN-CKD (PS)

ORDER

Plaintiff Rebecca Wu is representing herself in this action and has filed a First Amended Complaint ("FAC"). (ECF No. 28.)  Because plaintiff proceeds pro se, this matter is referred to the undersigned by Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

For the reasons stated below, the Court recommends that the FAC be dismissed with leave to amend.

**I.    Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings.

1

*See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678. Courts "are not required to indulge unwarranted inferences[.]" *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Eldridge*, 832 F.2d at 1137, but a plaintiff's claims must be facially plausible to survive screening. Facial plausibility for a claim requires sufficient factual detail to allow the court to reasonably infer that a named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

## II.      Allegations in the Complaint

Plaintiff brings claims against Sacramento City Unified School District; California Teachers Association; Sacramento City Teachers Association; David Fisher, President of Sacramento City Teachers Association, David Van Natten, Director of Human Resources of the Sacramento City Unified School District; the following "board members" in their official or individual capacities: Darell Woo, Leticia Garcia, Lisa Murawski, and Chinua Rhodes; Superintendent Jorge Aguilar, and Chief of Human Resources Cancy McArn. (ECF No. 28.) Plaintiff appears to bring a claim against Defendants Sacramento City Unified School District and Sacramento City Teachers Association under 42 U.S.C. § 1983 alleging deprivations of her First and Fourteenth Amendment rights, as well as a violation of 42 U.S.C. § 1985, alleging conspiracy to deprive Plaintiff of her civil rights. Plaintiff also alleges various violations of the California Education Code. *Id*. at 56-61.

/////

/////

2

### III.    Discussion

#### A.  Federal Rule of Civil Procedure 8

The FAC does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Like the original Complaint, the FAC is difficult to follow. Plaintiff alleges a Fourteenth Amendment Due Process and First Amendment Retaliatory claim against Defendants Sacramento County Unified School District ("SCUSD") and Sacramento County Teacher's Association ("SCTA"). (ECF No. 28 at 61.)  Plaintiff also appears to bring a claim under 42 U.S.C. § 1985(3), alleging Defendants SCUSD and SCTA engaged in a conspiracy to deprive Plaintiff of her civil rights. *Id*. at 32 ("[Defendant SCTA was] conspiring as an actor working with [Defendant SCUSD].")

It appears that Plaintiff is alleging a wrongful transfer as a teacher. But once again, Plaintiff's factual allegations are insufficient and unclear. Plaintiff alleges her transfer took place in the Fall of 2022. *Id*. at 11. She later alleges she was terminated as a teacher around March 15, 2023. *Id*. at 13. Plaintiff alleges she was a whistleblower "on the civil rights of students," several times in the Complaint. *Id*. at 37, 38, 48, 49. As in Plaintiff's previous Complaint, her allegations regarding a wrongful transfer are unclear, conclusory, and insufficient, and fail to give fair notice of the claims to Defendants. *See Iqbal*, 556 U.S. at 678. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

Having performed the screening required by 28 U.S.C. § 1915, the Court finds Plaintiff fails to state a claim under the First or Fourteenth Amendments and has failed to allege conspiracy to deprive her of civil rights. Plaintiff will have one opportunity to amend the Complaint as to Defendant SCTA. Because Plaintiff has not stated a federal claim, the Court will once again decline to exercise supplemental jurisdiction over plaintiff's potential state law claims.

*See* 28 U.S.C. § 1367(c)(3). If Plaintiff states a federal claim, the Court will screen the state law claims.

### B.  42 U.S.C. § 1983 Claims

To state a claim under § 1983, a plaintiff is required to show that (1) each defendant acted under color of state law, and (2) each defendant deprived her of rights secured by the Constitution or laws of the United States. *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997).

#### 1.  Eleventh Amendment Immunity for Defendant SCUSD

Plaintiff brings her claims against the SCUSD under 42 U.S.C. § 1983. Claims against Defendant SCUSD may be barred by the Eleventh Amendment. *See Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 251 (9th Cir.1992) (holding California school districts are state agencies for purposes of the Eleventh Amendment); *Pierce v. Santa Maria Joint Union High School Dist.*, 612 F. App'x 897, 989 (9th Cir. 2015) (holding school was immune from suit under 42 U.S.C. § 1983 because it was a state agency); *Laird v. United Teachers Los Angeles*, 615 F. Supp. 3d 1171, 1181 (C.D. Cal. 2022), aff'd, No. 22-55780, 2023 WL 6970171 (9th Cir. Oct. 23, 2023).

The FAC does not allege that Defendant SCUSD waived sovereign immunity. *See Laird*, 615 F. Supp., at 1180 ("[A] state may waive its sovereign immunity by consenting to a suit.") (citation omitted). However, the Court gives Plaintiff leave to amend to the extent she can plead whether Defendant SCUSD has waived sovereign immunity to allow the Section 1983 claim to proceed.

#### 2.  Claims Against Defendant SCTA

Plaintiff additionally alleges a Section 1983 claim against Defendant SCTA. "In order to recover under § 1983 for conduct by the Defendant, a plaintiff must show that 'the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State." *Mendez v. California Teachers Association*, 419 F. Supp. 3d 1182, 1185 (N.D. Cal. 2020) (citation omitted). "Where actions complained of are undertaken by a private actor, 'state action may only be found… only if [] there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the state itself.'" *Id*. (citation omitted).

The FAC fails to plead a sufficient nexus between Defendant SCTA and Defendant

SCUSD's actions to establish state action for Section 1983 liability. The only reference the FAC makes to whether Defendant SCTA is a state actor is by alleging "[b]y conspiring with a government entity [Defendant SCUSD], the union's private conduct is 'fairly attributable' to the state." (ECF No. 28 at 8.) This allegation resembles a "formulaic recitation of a cause of action," which does not suffice under Rule 8 pleading standards. *See Iqbal*, 556 U.S. at 678. Therefore, the Court grants Plaintiff leave to amend to the extent she can state factual allegations to support there was a sufficient nexus between Defendant SCTA and Defendant SCUSD's activity.

### 3. First Amendment Retaliation

The First Amendment protects public employees from employment retaliation for their protected speech activities. *Karl v. City of Mountlake Terrace*, 678 F.3d 1062, 1068 (9th Cir. 2012). Plaintiff must show that she was engaged in protected speech activities by showing that she (1) spoke on a matter of public concern; (2) spoke as a private citizen and not within the scope of her official duties as a public employee; and plaintiff must also show that she (3) suffered an adverse employment action, for which plaintiff's protected speech was a substantial or motivating factor. *Id*.

Plaintiff makes several allegations in the FAC that she was engaged in whistleblower activity. (ECF No. 28 at 37, 38, 48, 49.) Plaintiff states she had whistleblown "on civil rights of students to have a teacher not sit at home for less than a year with no teacher as well as loss of music for no reason and also in violation of civil rights policy." *Id*. at 37.  To sufficiently plead whether a statement was on a matter of public concern as required to state a First Amendment retaliation claim, the Court will examine whether "the public or community is likely to be truly interested in the particular expression, or whether it is more properly viewed as essentially a private grievance." *McKee v. Peoria Unified School Dist*. 963 F. Supp. 2d 911, 925 (D. Ariz. 2013). The FAC's allegations regarding Plaintiff's whistleblowing activity are threadbare and insufficient for the Court to perform further analysis. Therefore, Plaintiff's First Amendment retaliation claim is dismissed with leave to amend to the extent she can plead additional factual allegations as to the contents of her alleged whistleblowing activity.

/ / /

### 4. Fourteenth Amendment Due Process

Under the Due Process Clause of the Fourteenth Amendment, "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const., Amend. XIV § 1. To state a claim for procedural due process, the plaintiff must show: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government, and (3) lack of process." *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

Plaintiff alleges Defendant SCUSD "failed to allow Due Process" by informing Plaintiff the day of the transfer that she would be assigned to another school. Plaintiff alleges that under collective bargaining agreement and school district rules, she is entitled to certain due process rights to challenge her referral and that "weeks of notice," are required before the referral takes place. (ECF No. 28 at 27.) Although Plaintiff appears to allege she was wrongfully terminated by Defendants in 2023 (*Id*. at 32), her Due Process claim appears to be grounded in her transfer taking place in 2022.

"Property interests are not created by the Constitution, instead 'they are created and their dimensions are defined by existing rules or understanding that stem from an independent source such as state law.'" *Roybal v. Toppenish School District*, 871 F. 3d 927, 931 (9th Cir. 2017) (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)). Plaintiff alleges she has a property interest "created by statute, civil service rules, or a collective bargaining agreement (CBA) right not be transferred except for cause, seniority protections, or specific job assignment protections," and a liberty interest "if the transfer damaged reputation or imposed stigma affecting future employment." (ECF No. 28 at 6).

In support of Plaintiff's Due Process claim, she provides a long list of state education statutes, regulations, and collective bargaining agreement policies that Defendants allegedly violated (*Id*. at 56-61), including Cal. Educ. § 35035(e), which states:

> Subject to the approval of the governing board of the school district, assign all employees of the school district employed in positions requiring certification qualifications to the positions in which they are to serve. This power to assign includes the power to transfer a teacher from one school

to another school at which the teacher is certified to serve within the school district when the superintendent concludes that the transfer is in the best interest in the school district.

Cal. Educ. § 35035(e). Plaintiff appears to concede that Defendants may have the power to transfer teachers under this statute in the FAC. (ECF No. 28 at 15.) Plaintiff also fails to plead factual allegations connecting her list of statutes, regulations and collective bargaining agreement policies to Defendants' conduct as to how they deprived her of a property interest. Therefore, the Court finds Plaintiff has failed to state a property interest and a deprivation of her property interest as to Defendants SCUSD and SCTA. The Court grants Plaintiff leave to amend to the extent she provides further statutory support of a property interest and factual allegations to demonstrate how Defendants' conduct violated her list of statutes.

Plaintiff also alleges a liberty interest was violated as a result of her transfer. "[A] public employer can violate an employee's rights by terminating the employee if in so doing, the employer makes a charge 'that might seriously damage [the terminated employee's] standing and associations in [her] community' or 'impose[s] on [a terminated employee] a stigma or other disability that foreclose[s] [her] freedom to take advantage of tother opportunities.'" *Blantz v. California Dept. of Corrections and Rehabilitation*, 727 F. 3d 917, 925 (9th Cir. 2013) (quoting *Tibbets v. Kulongoski*, 567 F. 3d 529, 536 (9th Cir. 2009)). The FAC makes scant reference to reputational harm due to Plaintiff's transfer and fails to plead any factual allegations. (ECF No. 28 at 46, 62.) Accordingly, the Court also dismisses Plaintiff's Due Process claim on the grounds of pleading a constitutionally protected liberty interest with leave to amend to the extent she can make factual allegations to reputational harm.

### C.  42 U.S.C. § 1985 Claim

Plaintiff also appears to allege a conspiracy claim under 42 U.S.C. § 1985. *Id*. at 29. Section 1985 is derived from the Thirteenth Amendment and covers all deprivations of equal protection of the laws.  *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980).  It proscribes

conspiracies to interfere with an individual's civil rights. "To state a cause of action under section 1985(3), plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or deprivation of any right or privilege of a citizen of the United States." *Turner v. Hickman*, 2008 WL 850027, *10 (E.D. Cal. Mar. 27, 2008) (citing *Gillispie*, 629 F.2d at 641; *Giffin v. Breckenridge*, 403 U.S. 88, 102-03, (1971)). "Section 1985 applies only where there is a racial or other class-based discriminatory animus behind the conspirators' actions." *Id.* (citing *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir.1992)).

Plaintiff makes several references throughout the FAC that Defendants conspired to deprive Plaintiff of her civil rights. (ECF No. 28 at 11, 32, 34.) As a preliminary matter, the claim may be barred by sovereign immunity as to Defendant SCUSD. *Steshenko v. Gayrad*, 70 F. Supp. 3d 979, 992-993 (N.D. Cal. 2014) (dismissing a claim under Section 1985 on sovereign immunity grounds where the plaintiff did not plead an exception to sovereign immunity). Also, "[a] mere allegation of conspiracy is insufficient to state a claim." *Id.* at 998. The FAC fails to plead additional factual allegations as to evidence of a conspiracy or an act in furtherance of the conspiracy. *Holgate v. Baldwin*, 425 F. 3d 671, 676 (9th Cir. 2005). Therefore, Plaintiff's Section 1985 claim is dismissed with leave to amend to the extent she can state additional factual allegations to support her claim.

## IV.    Conclusion and Order

The FAC must be dismissed, but Plaintiff is granted leave to file an amended complaint. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). An amended complaint should be titled "Second Amended Complaint." Local Rule 220 requires that an amended complaint be complete by itself without reference to any prior pleading.

For the reasons set forth above, IT IS ORDERED as follows:

1. Plaintiff's First Amended Complaint (ECF No. 28) is dismissed with leave to amend; and

2. Plaintiff is granted thirty (30) days from the date of service of this order to file a Second Amended Complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: June 12, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, wu25cv779

9